In an action to recover damages for wrongful death, and for personal injuries, order denying appellant’s motion to vacate I he judgment, set aside the verdict, and for a new trial, reversed on the law and the facts, the motion granted, and a new trial directed, costs to abide the event. Upon the examination voir dire each talesman was asked if he had ever had any legal work done for him by plaintiff’s attorney or plaintiff’s counsel. One answered in the affirmative and was excused. Another was excused by consent on the same ground after the jury had been sworn. Another answered in the negative; was accepted, as juror number four; heard the case, and participated in rendering a verdict in favor of plaintiff. Thereafter it was shown that some seven years earlier juror number four had pleaded guilty to a criminal *1014 indictment, and that at the time of sentence plaintiff’s counsel had appeared in his behalf and made a plea for leniency in sentence, although he was not the attorney of record in the criminal action. There is no claim that juror number four was corrupt or that his earlier relationship with plaintiff’s trial counsel created a bias in favor of the plaintiff herein. In this court plaintiff’s counsel argued that the relationship of attorney and client never existed between him and the juror, and that on the legal merits the order on appeal should be affirmed, but forthrightly stated that if in the opinion of the court there is the slightest suspicion as to the propriety of the jury service of juror number four, the verdict should be set aside. We are of opinion that defendant’s trial counsel was entitled to know the facts of the prior relationship before determining, without challenge, upon the acceptance of the talesman as a juror. ' Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.